## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

OCTAVIO GOENAGA,

                Plaintiff

     v.

C.O. STEVE MACDONALD, et al.,

                Defendants

CIVIL ACTION NO. 3:14-CV-02496

(CONABOY, J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

        Plaintiff Octavio Goenaga, proceeding *pro se*, is currently incarcerated at the Columbia County Prison located in Bloomsburg, Pennsylvania. At all relevant times to this action, Goenaga was housed at the Dauphin County Prison in Harrisburg, Pennsylvania. On December 31, 2014, Goenaga filed the instant civil rights action under 42 U.S.C. § 1983, seeking damages and injunctive relief against C.O. Steve MacDonald, Lieutenant Lexlucski and Warden Dominic DeRose.[1] (Doc. 1). Presently before the Court is Defendant Warden Dominic DeRose's motion to dismiss. (Doc. 18).

---

[1] On February 6, 2015, the Court specifically appointed the Clerk of Court to serve a copy of the complaint, together with a request for waiver of service of summons on each defendant. (Doc. 9). However, Defendants C.O. Steve MacDonald and Lieutenant Lexlucski did not waive service. On March 20, 2015, the Court entered an Order directing the United States Marshals Service to serve the summons, a copy of the complaint, together with the form notice and consent to the jurisdiction of the undersigned Magistrate Judge on said Defendants. (Doc. 16). However, summons was returned unexecuted as to these Defendants. Thus, service of process was never accomplished as to Defendants C.O. Steve MacDonald and Lieutenant Lexlucski.

## I.  FACTUAL BACKGROUND

This action was initiated upon the filing of a complaint in this matter on December 31, 2014, by *pro se* Plaintiff Octavio Goenaga. (Doc. 1). In his complaint, Goenaga alleges that on September 12, 2014, at approximately 2:45 a.m., while standing at his cell door due to poor circulation, he fell asleep and proceeded to fall, causing his right knee to pop out of place. (Doc. 1, at 4). Lieutenant Lexlucski responded to the incident, took photographs of the injury, and paged the medical assistant, who soon thereafter arrived with a wheelchair to transport Goenaga to the medical clinic for assessment. Goenaga complains that after he was medically assessed, he was forced to walk back to his housing unit without any assistance. (Doc. 1, at 4).

At approximately 4:30 a.m., Goenaga alleges he was again sent to the medical department for diabetic procedures. (Doc. 1, at 5). He alleges that he was removed from the medical department by Lieutenant Lexlucski, C.O. and Steve MacDonald and transported to the special housing unit area in an "unnecessarily aggressive" manner, considering his injuries and that he was fully cooperating with officials at the time. (Doc. 1, at 3).  He alleges that Lieutenant Lexlucski, among other unnamed officials, "dropped, dragged, and sprayed [him] with mace when officers could no longer carry [him]." (Doc. 1, at 3, 5). He claims that officers slapped him several times in the head for "disturbing [them] from [their] rest time." (Doc. 1, at 5).

Goenaga claims that as a result of this incident, he was placed in restrictive housing for a period of seventeen days, without notice or a hearing, and was fed a "Diabetic Diet" tray that was too high in carbohydrates. (Doc. 1, at 6).

Defendant Warden Dominic DeRose filed a motion to dismiss on April 7, 2015. (Doc. 18). Goenaga filed a brief in opposition to Defendant's motion to dismiss on June 23, 2015.

(Doc. 25). No reply brief has been filed. Accordingly, the motion papers are now ripe for disposition.

## II.   LEGAL STANDARD

### A.   RULE 12(B)(6) STANDARD FOR DISMISSALS FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief which "requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. Sua Sponte Dismissal Standard

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197

(3d Cir. 2007). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought in forma pauperis and actions concerning prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). "The court's obligation to dismiss a complaint under [these] screening provisions is not excused even after defendants have filed a motion to dismiss." *Id.* at 589. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

## III. DISCUSSION

### A. FAILURE TO EXHAUST

Defendant Warden Dominic DeRose moves for dismissal on the ground that Goenaga has failed to exhaust his available administrative remedies with respect to the allegations made in the complaint. (Doc. 22, at 11). Goenaga submits that his failure to pursue his administrative remedies prior to filing suit should be excused because he "fear[ed] that the[ ] (C.O.) would try to kill him the next time around." (Doc. 25, at 6).

Prior to bringing a § 1983 action concerning prison conditions, a prisoner must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a) ("[N]o action shall be brought with respect to prison conditions under Section 1983 or any other federal law . . . until such administrative remedies as are available are exhausted."); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). The exhaustion requirement is mandatory. *See*

*Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007). "[I]t is beyond the power of this court . . . to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000). Failure to exhaust administrative remedies is an affirmative defense that must be pleaded and proven by the defendant. *Small v. Camden Cnty.*, 728 F.3d 265, 268 (3d Cir. 2013) ("Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff."); *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002) ("Prison officials are likely to have greater legal expertise and, as important, superior access to prison administrative records in comparison to prisoners.") (alteration omitted).

Moreover, exhaustion of administrative remedies must also be "proper." *Woodford v. Ngo*, 548 U.S. 81, 89–95 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 93. "A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim." *McKinney v. Kelchner*, No. 1:CV-05-0205, 2007 WL 2852373, at *3 (M.D. Pa. Sept. 27, 2007) (citing *Spruill v. Gillis*, 372 F.3d 218, 227–32 (3d Cir. 2004)). A procedural default for the failure to properly exhaust administrative remedies may be excused, however, if the prisoner can show that a particular remedy or procedural requirement was unavailable. *Berry*, 283 F. App'x at 4-5 ("[W]e made clear . . . that the PLRA requires exhaustion of all available remedies, not all remedies."). "A grievance procedure is not available even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it." *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). Thus, "[i]n the absence of competent proof

- 6 -

that an inmate was misled by corrections officials, or some other extraordinary circumstances, inmate requests to excuse a failure to exhaust are frequently rebuffed by the courts." *Mayo v. Wetzel*, No. 13-CV-1174, 2015 WL 4643137, at *9 (M.D. Pa. Aug. 3, 2015).

Here, while Goenaga concedes that he failed to exhaust his administrative remedies, he nevertheless urges that this Court excuse the exhaustion requirement as a result of his belief that he would be subjected to future retaliation if he did so. Specifically, Goenaga alleges the following:

> Plaintiff did not put a grievance in because he fear[ed] that they (C.O.) would try to kill him the next time around. Plaintiff notice[d] that the officers were very insubordinate with their superiors so what was to stop them from coming to plaintiff's cell getting it open and beating him up. They were always around D-Block's main gate when plaintiff had to go to receive his insulin regimen around 3:30 am or 3:45 am at medical. Plaintiff was in constant fear. . . .

(Doc. 25, at 6).

The Third Circuit has not explicitly addressed, in a precedential opinion, whether fear of retaliation for pursuing a grievance excuses failure to exhaust. However, in a non-precedential opinion, the Third Circuit has declined to recognize fear of retaliation as an excuse for failure to exhaust. *See Pena-Ruiz v. Solorzano*, 281 Fed. Appx. 110, 113 (3d Cir. 2008) ("[T]he exhaustion requirement is mandatory, and [this Court] has not recognized 'sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust."). Even so, courts in our district have only dismissed a complaint alleging retaliation as excusing compliance of the exhaustion requirement at the summary judgment stage of litigation, or where it was "apparent on the face of the complaint" that plaintiff did not make a sufficient showing of retaliation. *See Verbanik v. Harlow*, 441 F. App'x. 931, 933 (3d Cir. 2011); *Barger v. Walton*, 317 F. App'x 188, 190 (3d Cir. 2009); *Davis v. Saylor*, No. 3:13-CV-2279, 2014 WL

1452830, at *6 (M.D. Pa. Jan. 24, 2014) *report and recommendation adopted,* No. 3:13-CV-02279, 2014 WL 1452791 (M.D. Pa. Apr. 14, 2014) *aff'd,* No. 14-2693, 2015 WL 6735904 (3d Cir. Nov. 4, 2015); *Breeland v. Fisher*, No. 3:12-CV-084, 2013 WL 5935046, at *1 (M.D. Pa. Nov. 5, 2013); *Ryder v. Varano*, No. 3:12-CV-614, 2013 WL 5299173, at *4 (M.D. Pa. Sept. 18, 2013).

Indeed, courts appear to allow inmates to present evidence to support the contention that their failure to exhaust administrative remedies should be excused. Thus, as it is Defendant's burden to assert failure to exhaust as an affirmative defense, dismissal on this ground is premature at this stage in the litigation. Accordingly, Defendant's motion to dismiss (Doc. 18) will be denied with respect to the issue of exhaustion, without prejudice to raising this defense after the close of discovery.

B. CLAIM AGAINST DEFENDANT WARDEN DOMINIC DEROSE MUST BE DISMISSED FOR LACK OF PERSONAL INVOLVEMENT

Defendant Warden Dominic DeRose argues that he should be dismissed from the instant action because Goenaga fails to allege personal involvement as to him. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Morse v. Lower Merion School District*, 132 F.3d 902, 907 (3d Cir. 1997). Civil rights claims cannot be premised on a theory of *respondeat superior*. *Natale v. Camden Cnty.Corr. Facility,* 318 F.3d 575, 583 (3d Cir.2003); *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Instead, each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode,* 423 U.S. 362, 371–72, (1976); *Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077, 1082 (3d Cir. 1976). As previously explained by the Third Circuit:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The complaint fails to allege any personal involvement whatsoever by Warden Dominic DeRose, but for the allegation that "Warden Dominic DeRose is responsible for all protoc[o]ls and for all actions of every C.O. in [Dauphin County Prison] . . . ." (Doc. 1, at 3). Thus, the only facts alleged with respect to this Defendant concerns his supervisory role as warden of the prison where the alleged excessive use of force and deliberate indifference took place. These allegations are insufficient to show that Warden Dominic DeRose had personal involvement in the alleged wrongdoing.

Accordingly, Defendant's Warden Dominic DeRose's motion to dismiss (Doc. 18), will be granted with respect to the dismissal of all claims asserted against him without prejudice.

C. Eighth Amendment Deliberate Indifference Claim Must Be Dismissed For Failure to State a Claim

Construing Goenaga's allegations liberally, Goenaga asserts that prison officials were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by providing him a prescribed diabetic food tray containing too many carbohydrates.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Dennis v. Jensen*, 2013 WL 2245144, at *3 (M.D. Pa. May 20, 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976)). Such a claim requires that a plaintiff allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale,* 318 F.3d

at 582. "Mere medical malpractice, negligence, and courses of treatment inconsistent with the desires of the prisoner . . . do not constitute deliberate indifference to serious medical needs." *Lopez v. Corr. Med. Servs., Inc.,* 499 F. App'x. 142, 146 (3d Cir. 2012) (citing *Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir. 2004)). Rather, it must be shown that an official knowingly disregarded an excessive medical risk: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). "Deliberate indifference may be manifested by an intentional refusal to provide medical care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury." *Beckett v. Dept. of Corr.,* 2011 WL 4830787, at * 11 (M.D. Pa. Oct. 12, 2011).

As an initial matter, Goenaga's allegations fail to make clear exactly who is alleged to have participated in depriving him of his prescribed dietary requirements. Nevertheless, even assuming Goenaga could cure his pleading deficiencies by alleging the personal participation of a prison official in the purported misconduct, Goenaga fails to state a claim of deliberate indifference. Indeed, Goenaga has alleged in conclusory, general terms that he was fed a "'Diabetic Diet' tray that is considered to be a High Protein Diet . . . [,] consist[ing] of a piece of meat and potatoes for lunch and meat, vegetables, fruit, and rice for dinner. The high concentrat[ion] of carbohydrates will cause my sugar to spike." (Doc. 1, at 6). Goenaga concedes that he received his medically-ordered diabetic diet tray, but disapproves of the contents of the tray. Goenaga's mere dissatisfaction with the diabetic diet provided to him does not amount to a constitutional deprivation. *See Falciglia v. Erie Cnty. Prison*, 279 F. App'x 138, 142 (3d Cir. 2008)("[Plaintiff's] dissatisfaction with the diabetic diet does not amount to a

- 10 -

constitutional deprivation") (citing *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1996)). Goenaga does not allege that his prescribed diet has been denied on a continual basis, or that he has actually suffered a serious or life-threatening condition as a result of the dietary options available to him. As Goenaga merely disputes the efficacy of his prescribed diet, he has failed to plead sufficient facts in support of a claim for deliberate indifference to serious medical needs in violation of the Eight Amendment.

Accordingly, Defendant Warden Dominic DeRose's motion to dismiss (Doc. 18), will be granted with respect to Goenaga's deliberate indifference claim, without prejudice.

### D. FOURTEENTH AMENDMENT DUE PROCESS CLAIM MUST BE DISMISSED

It also appears from the complaint that Goenaga alleges a violation of the Due Process Clause of the Fourteenth Amendment stemming from his placement in the Special Housing Unit while incarcerated at the Dauphin County Prison.

In order to determine whether a due process violation has occurred, an initial determination must be made as to whether Goenaga was deprived of a liberty interest. If no liberty interest is found to exist, it is unnecessary to define what process was mandated to protect it. *See Meekins v. Beard*, No. CIV. 3:CV-06-290, 2008 WL 647738, at *4 (M.D. Pa. Mar. 5, 2008). As explained by the Third Circuit, "a protected liberty interest can arise either from the Due Process Clause or from state law." *Mackey v. Smith*, 249 F. App'x 953, 954 (3d Cir. 2007) (citing *Asquith v. Dep't of Corr.,* 186 F.3d 407, 409 (3d Cir. 1999)). The Due Process Clause protects an inmate's right to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Thus, a liberty

- 11 -

interest is created only where "the conditions or degree of confinement to which the inmate is subjected are beyond the sentence imposed upon him or otherwise violate the Constitution." *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 470 (M.D. Pa. 2010) (citing *Fraise v. Terhune,* 283 F.3d 506, 522 (3d Cir. 2002)).

"The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005) (citing *Meachum v. Fano,* 427 U.S. 215, 225 (1976)).  Indeed, "the mere fact of placement in administrative segregation is not in itself enough to implicate a liberty interest; the liberty interest only exists if that placement is an 'atypical and significant hardship' relative to others similarly situated." *Leamer v. Fauver*, 288 F.3d 532, 546 (3d Cir. 2002). "Because disciplinary detention and 'administrative segregation [a]re the sort[s] of confinement that inmates should reasonably anticipate receiving at some point in their incarceration,' [an inmate's] transfer to 'less amenable and more restrict quarters' do not implicate a liberty interest protected by the Due Process Clause." *Torres v. Fauver*, 292 F.3d 141, 150 (3d Cir. 2002) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)).

Again, Goenaga fails to allege facts establishing the personal involvement of the defendants in designating Goenaga to the restrictive housing unit. Moreover, the allegations, taken as true, do not lead to a plausible inference that Goenaga's placement in the restrictive housing unit imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484; *Johnson v. Burris*, 339 F. App'x 129, 131 (3d Cir. 2009); *Griffin v. Vaughn,* 112 F.3d 703, 706 (3d Cir. 1997). The complaint contains no facts supporting the conclusion that he was subjected to confinement that exceeded the sentence imposed upon him or otherwise violated the Constitution. Goenaga merely challenges

his placement in the restrictive unit for a period of seventeen (17) days, which does not constitute a dramatic departure from the accepted standards for conditions of confinement such that a liberty interest is implicated.  This conclusion is consistent with prior holdings of this Court that placement in a restrictive housing unit does not implicate due process of law. *See Funk v. DeRose*, No. 3:CV-12-2282, 2012 WL 6966712, at *10 (M.D. Pa. Nov. 28, 2012) *report and recommendation adopted*, No. 3:12-CV-2282, 2013 WL 393868 (M.D. Pa. Jan. 31, 2013) *Smith v. Dodrill,* Civ. No. 4:07–cv–2295, 2009 WL 62175, at *4, *11–*12 (M.D. Pa. Jan. 8, 2009); *Spencer v. Kelchner,* Civ. No. 3:06–cv–1099, 2007 WL 88084, at *10 (M.D. Pa. Jan. 9, 2007); *Francis v. Dodrill,* Civ. No. 3:04–cv–1694, 2005 WL 2216582, at *3–*5 (M.D. Pa. Sept. 12, 2005). Thus, while Goenaga clearly would have preferred not to be housed in the restrictive housing unit, his preference is not a liberty interest protected by the Due Process Clause. *McKettrick v. Williamson*, No. CIV.A. 4:CV-06-0543, 2006 WL 1307929, at *6 (M.D. Pa. Mar. 22, 2006) *report and recommendation adopted in part,* No. CIV. 4:06-CV-543, 2006 WL 1307919 (M.D. Pa. May 10, 2006) (citation omitted).

As Goenaga fails to plead sufficient facts to state a claim that is at least plausible on its face, this Court will grant Defendant Warden Dominic DeRose's motion to dismiss (Doc. 18), with respect to Goenaga's Fourteenth Amendment Due Process claim without prejudice.

E. Eighth Amendment Excessive Force Claim Against Lieutenant Lexlucski

Goenaga claims that Defendant Lieutenant Lexlucski used excessive force in transporting him to the medical department. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Hudson v. McMillian*, 503 U.S. 1, 4 (1992). "The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends

contemporary standards of decency." *Tompkins v. Cnty. of Lackawanna*, No. 1:CV-11-1147, 2013 WL 593756, at *4 (M.D. Pa. Feb. 14, 2013) (citing *Hudson*, 503 U.S. at 8). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. The Third Circuit evaluates the following factors in determining whether the use of force is excessive under the Eighth Amendment: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)) (internal quotations omitted).

In the instant case, Goenaga alleges that Lieutenant Lexlucski "held [him] down, handcuffed [him] behind [his] back, with knees in both shoulder blades preventing [him] from breathing" and proceeded to spray him with mace. (Doc. 1, at 5). He claims that the aggression was unwarranted, as he was in "full cooperation with no attempted resistance, and no documented infraction." (Doc. 1, at 3). These allegations, taken as true, are sufficient to withstand a motion to dismiss, as it is alleged that Lieutenant Lexlucski may have intentionally harmed Goenaga without provocation. Accordingly, the Court will allow Goenaga's Eighth Amendment excessive force claim to proceed as against Defendant Lieutenant Lexlucski.

- 14 -

F. EIGHTH AMENDMENT FAILURE TO INTERVENE CLAIM AGAINST C.O. MACDONALD

Construing Goenaga's complaint liberally, it appears that Goenaga also asserts a failure-to-intervene claim against Defendant C.O. Steve MacDonald. A prison guard's failure to intervene in another guard's use of excessive force can form the basis of liability under Section 1983. *Okey v. Strebig*, No. 1:CV-12-00609, 2012 WL 5439042, at *7 (M.D. Pa. Nov. 7, 2012) *aff'd*, 531 F. App'x 212 (3d Cir. 2013). In order to prevail on a failure-to-intervene claim, the plaintiff must show: "(1) that the defendant failed or refused to intervene when a constitutional violation took place in his or her presence or with his or her knowledge; and (2) there was 'a realistic and reasonable opportunity to intervene.'" *Knight v. Walton*, No. 2:12CV984, 2014 WL 1316115, at *8 (W.D. Pa. Mar. 28, 2014) (quoting *Smith v. Mensinger,* 293 F.3d 641, 651 (3d Cir. 2002)) (citation omitted).

In his complaint, Goenaga alleges that C.O. Steve MacDonald assisted Lieutenant Lexlucski in escorting Goenaga to the special housing unit and thus, was involved in or was, at the very least, present for, the alleged use of excessive force during the transport, thus suggesting that this defendant had a realistic and reasonable opportunity to intervene. As such, Goenaga sufficiently alleges a failure-to-intervene claim against C.O. Steve MacDonald. Accordingly, the Court will allow the failure-to-intervene claim against C.O. Steve MacDonald to proceed.

G. DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

Defendant Warden Dominic DeRose also asserts that the named Defendants are entitled to qualified immunity. Qualified immunity provides not merely a "defense to liability," but rather "immunity from suit." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). It is therefore important to "resolv[e] immunity questions at the earliest possible stage in the litigation."

*Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Certain officials performing "discretionary functions" are shielded from suit if their conduct did not violate a "clearly established statutory or constitutional right[] of which a reasonable person would have known." *Pearson*, 555 U.S. at 231. Also, if an official reasonably believes his conduct to be lawful, he is protected by qualified immunity, which affords "ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Kelly v. Borough of Carlisle*, 622 F.3d 248, 254 (3d Cir. 2010).

A qualified immunity determination involves two distinct inquiries. The first inquiry evaluates whether the defendant violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001). The second inquiry assesses whether the right in question was "clearly established" at the time the defendant acted. *Pearson*, 555 U.S. at 231–32; *Saucier*, 533 U.S. at 201–02. A right is "clearly established" if a reasonable actor under the circumstances would have known that his or her conduct impinged upon constitutional mandates. *Broadwater v. Fow*, 945 F. Supp. 2d 574, 585 (M.D. Pa. 2013). The court may exercise its discretion in deciding which of the two inquiries should be addressed first. *Pearson*, 555 U.S. at 240.

Defendant Warden Dominic DeRose does not contend that the rights in question were not clearly established, nor does he claim that Defendants reasonably believed their conduct to be lawful. Rather, the Defendant Warden Dominic DeRose asserts qualified immunity on the sole ground that the named officials did not violate Goenaga's constitutional rights. However, as stated above, Goenaga has sufficiently asserted an Eighth Amendment excessive force claim against Defendant Lieutenant Lexlucski and Eighth Amendment failure to intervene claim against Defendant C.O. Steve MacDonald. Accordingly, Defendant Warden Dominic

- 16 -

DeRose's motion to dismiss (Doc. 18), will be denied with respect to the issue of qualified immunity.

## H. CLAIMS SEEKING INJUNCTIVE RELIEF ARE MOOT

Defendant Warden Dominic DeRose also seeks dismissal of any claims for injunctive or declaratory relief. It is well settled that federal courts only have jurisdiction to decide an issue if it presents a live case or controversy. *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). "The 'case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit.'" *Williams v. Sherman*, 214 F. App'x 264, 266 (3d Cir. 2007) (quoting *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477-78, (1990)). A claim must be dismissed as moot "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief . . . ." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 596 (3d Cir. 2010) (quoting *County of Morris v. Nationalist Movement,* 273 F.3d 527, 533 (3d Cir. 2001)). A prisoner's transfer from the prison complained of generally moots his claims for prospective injunctive or declaratory relief. *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003); *Weaver v. Wilcox*, 650 F.2d 22, 27 n.13 (3d Cir. 1981). Such claims are not mooted when "a challenged action is (1) too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable likelihood that the same complaining party would be subjected to the same action again." *Sutton*, 323 F.3d at 248 (alteration and internal quotation marks omitted). A prisoner's claim for damages is not mooted by a transfer. *Sutton*, 323 F.3d at 249; *Allah v. Seiverling*, 229 F.3d 220, 222 n.2 (3d Cir. 2000); *Weaver*, 650 F.2d at 27 n.13.

In his complaint, Goenaga has requested relief in the form of the resignation of Defendant Warden Dominic DeRose, the demotion of Lieutenant Lexlucski and the suspension of all corrections officers involved in his transport to the medical department for no less than one year without pay. He additionally seeks an investigation into the conditions at the Dauphin County Prison, as well as a change in protocol with respect to transport procedures of non-resisting inmates. (Doc. 1, at 3). These requests are now technically moot, however, as Goenaga is no longer incarcerated at the Dauphin County Prison. (*See Capozzi v. Bledsoe*, 560 F. App'x 157, 159 (3d Cir. 2014) (dismissing prisoner's claims for injunctive relief as moot where prisoner was transferred from the SMU at USP Lewisburg to ADX Florence). This determination is consistent with a long line of Third Circuit cases holding that a prisoner-plaintiff's transfer to another prison or release renders the prisoner's claims for injunctive relief moot. *See Spencer v. Sec'y Dep't of Corr.*, No. 14-2009, 2015 WL 3895302, at *1 n.2 (3d Cir. June 25, 2015) ("We note that, as Spencer was transferred out of SCI–Frackville in September 2012, his request for declaratory and injunctive relief against officials at that institution is moot."); *Banks v. Sec'y Pennsylvania Dep't of Corr.*, 601 F. App'x 101, 103 (3d Cir. 2015) ("The only relief potentially available to Banks for his RLUIPA claims is injunctive or declaratory, but to the extent that Banks seeks that relief against defendants at SCI—Retreat, his claims are moot because he was transferred to SCI—Somerset."); *Capozzi*, 560 F. App'x at 159; *Mollett v. Leicth*, 511 F. App'x 172, 174 (3d Cir. 2013) ("Mollett's transfer rendered the case moot; and because it was unable to grant the relief sought, the District Court lacked jurisdiction over the merits of the case."); *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003); *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993) ("It is equally plain that, from that date forward, the district court could not provide Abdul–Akbar with meaningful relief by entering an

injunctive order respecting the MSU in which Abdul–Akbar no longer was incarcerated."). Accordingly, the Court will grant Defendant's motion to dismiss (Doc. 18) and will dismiss Goeanaga's claims for injunctive and declaratory relief.

## I. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Goenaga has not been given leave to amend his complaint previously in this matter. Moreover, there is nothing to suggest that amendment of Goenaga's claims against Defendants Warden Dominic DeRose, C.O. Steve MacDonald and Lieutenant Lexlucski would be futile, nor is there any basis to believe it would be inequitable. Therefore, Goenaga will be granted leave to amend his complaint within thirty (30) days of dismissal of this complaint to assert the following:

1. Any respective claims against Warden Dominic DeRose to the extent Goenaga can plead additional facts demonstrating the personal involvement of this Defendant in the alleged misconduct;

2. A Fourteenth Amendment Due Process Claim stemming from his placement in the restrictive housing unit. Goenaga must name the individuals involved in depriving him of a liberty interest, and also plead additional facts demonstrating that he was subjected to confinement that exceeded the sentence imposed upon him or otherwise violated the Constitution;

3. An Eighth Amendment Deliberate Indifference claim arising from the alleged denial of an appropriate diabetic food tray. Goenaga must name the individuals involved in depriving him of the prescribed diabetic food tray and allege appropriate facts demonstrating the deliberate indifference of said individuals with respect to the food tray provided.

- 19 -

## IV.   CONCLUSION

Based on the foregoing, Defendant Warden Dominic DeRose's motion to dismiss (Doc. 18), will be granted in part and denied in part, and Plaintiff's complaint (Doc. 1),will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be granted leave to amend his complaint as described above within thirty (30) days following the dismissal of his complaint. The amended complaint shall be complete in all respects. It must be a new pleading that stands by itself as an adequate complaint without reference to the original complaint, which means that it must include the sufficiently pled Eighth  Amendment excessive force claim against Defendant Lieutenant Lexlucski and Eighth Amendment failure-to-intervene claim against Defendant C.O. MacDonald.  Consequently, all causes of action alleged in the complaint that are not alleged in the amended complaint will be waived.

An appropriate Order follows.

BY THE COURT:

Dated: November 23, 2015

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**