UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OCTAVIO GOENAGA,

    Plaintiff,

v.

STEVE MACDONALD, et al.,

    Defendants.

: CIVIL ACTION NO. 3:14-CV-2496
:
: (JUDGE CONABOY)
: (Magistrate Judge Mehalchick)

## ORDER

**AND NOW, THIS FOURTH DAY OF SEPTEMBER 2018, IT APPEARING TO THE COURT THAT:**

1. Plaintiff was an inmate at Dauphin County Prison in Harrisburg, Pennsylvania, when he filed this civil rights action on December 31, 2014 (see Doc. 1 at 8), and his current docket address is FCI-Beckley in Beaver, West Virginia;

2. The matter was assigned to Magistrate Judge Karoline Mehalchick whose most recent Report and Recommendation (Doc. 80) issued on August 6, 2018, recommends that Defendant C.O. Clark's Motion for Sanctions (Doc. 73) be granted and this case be dismissed (Doc. 80 at 7-8);

3. Plaintiff has not filed objections to the Report and Recommendation and the time for such filing has passed.[1]

---

[1] On July 17, 2018, Magistrate Judge Mehalchick issued an Order to Show Cause requiring Plaintiff to show cause on or before July 31, 2018, why his complaint should not be dismissed due to failure to comply with filing requirements. (Doc. 78 at 1.) The Order was sent to Plaintiff at FCI-Beckley and was returned as undeliverable on August 2, 2018, with the notation "No Longer At

**IT FURTHER APPEARING TO THE COURT THAT:**

1. When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed. *See Thomas v. Arn*, 474 U.S. 150-53 (1985). Moreover, when no objections are filed, the district court is required only to review the record for "clear error" prior to accepting a magistrate judge's recommendation. *See Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).

2. Our review of the record reveals no clear error in the Magistrate Judge's conclusion that Defendant C.O. Clark's Motion for Sanctions (Doc. 73) should be granted and, based upon review of the factors set out in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), this case should be dismissed (Doc. 80 at 7-8). Further, based on Plaintiff's failure to notify the Court of his current address, Plaintiff is deemed to have abandoned the lawsuit pursuant to the terms of the Standing Practice Order. (*See* Doc. 5 at 4.)

---

This Address." (Doc. 79 at 1.) The August 2, 2018, docket entry states the BOP Locator indicates Plaintiff was released on January 16, 2018. (*Id.*) With the Standing Practice Order issued on December 31, 2014, Plaintiff was advised that he had an affirmative obligation to keep the court informed of his current address and, if he changed his address while the lawsuit was being litigated, he was required to immediately inform the court in writing. (Doc. 5 at 4.) Plaintiff has not notified the Court of a change of address. Pursuant to the Standing Practice Order, "[i]f the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his . . . address, the plaintiff shall be deemed to have abandoned the lawsuit." (*Id.*)

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 80) is ADOPTED;

2. Defendant C.O. Clark's Motion for Sanctions (Doc. 73) is GRANTED;

3. This case is dismissed for the reasons set out above;

4. The Clerk of Court is directed to close this case.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge